## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22772-CV-KING

DANCER FLEET, INC., a Florida
corporation,

                        Plaintiff,

         v.

OCEAN STRIPE PVT LTD., a Republic
of Maldives corporation,

                        Defendant.
_____/

## FINAL JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION

**UPON CONSIDERATION** of the Complaint, the motion filed by Plaintiff Dancer Fleet, Inc. ("Plaintiff") for a temporary restraining order, the supporting memorandum of points and authorities, the Declaration of Wayne Brown, Plaintiff's application for default, the Clerk's Default entered on September 14, 2011, and for other good cause shown;

**THE COURT HEREBY FINDS THAT:**

1.      Defendant Ocean Stripe Pvt. Ltd. ("Defendant") has been properly and lawfully served with the Summons and Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.

2.      Defendant has failed to appear, answer or otherwise plead in response to the Complaint within the time required by law.

3.      On September 14, 2011, the Clerk of the Court entered the Defendant's default on the record.

4.      By virtue of the Defendant's default, the allegations set forth in the Complaint are

deemed admitted by Defendant and Plaintiff is entitled to affirmative relief against Defendant.

5.      The admitted allegations set forth in the Complaint establish, among other things, that:

    a.      The Court has subject matter jurisdiction over the causes of action alleged in the Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

    b.      The Court has personal jurisdiction over Defendant because Defendant has contractually agreed to resolve all disputes in this forum (and in no other) and that Defendant, by so agreeing, has consented to the Court's exercise of personal jurisdiction over Defendant.

    c.      On or about October 7, 2005, Peter Hughes Diving, Inc. ("PHD") and Defendant entered into a confidential "Marketing, Promotional and License Agreement (the "License Agreement"). Under the License Agreement, among other things, Defendant was authorized to use PHD's proprietary system for operating luxury scuba diving vacation yachts as well as PHD's DANCER FLEET trademark in connection with the operation of a luxury scuba diving tour business in the Republic of the Maldives.

    d.      On or about November 6, 2007, Defendant registered the <oceandancer-maldives.com> domain name with Gandi SAS, a French domain name registrar. The listed owner of the domain name is Defendant "Ocean Stripe Pvt Ltd." The <oceandancer-maldives.com> website is hosted by Bluehost, Inc.

    e.      Plaintiff acquired PHD's assets, trademarks, and goodwill, and

otherwise succeeded to PHD's rights, duties, and obligations under the License Agreement on March 11, 2008.

      f.    Plaintiff is the owner of U.S. Trademark Registration No. 3,653,398 for the DANCER FLEET trademark for use in connection with "scuba diving excursions."

      g.    Plaintiff is the owner of U.S. Trademark Registration No. 2,452,561 for the PETER HUGHES DIVING trademark, for use in connection with, among other things, "dive package services, namely, scuba diving and skin diving . . . ."

      h.    Upon termination of the License Agreement, Paragraph 22 of the License Agreement required Defendant to:

      1)    Cease and desist from using Plaintiff's trademarks, including the DANCER FLEET trademark, any similar trademark, or any colorable imitation thereof;

      2)    Return Peter Hughes-branded items to Plaintiff;

      3)    Change the "boat name" of its charter vessel so that it "no longer reflects any membership in, or affiliation with . . . Dancer Fleet;"

      4)    Refrain from any advertising or making any representation that Defendant or its charter vessel "is affiliated, associated, connected to or related, in any way, shape or form to, or with [Plaintiff] and/or the Dancer Fleet;"

5)     Change the name of its charter vessel, along with "the vessel's markings including, without limitation, the exterior signage and three (3) white stripes on the bow of the vessel;"

6)     Remove any and all indicia of [Plaintiff] and/or the Dancer Fleet from all vehicles, motor vessels, stationary [sic], and whatever [sic] else the names or marks may appear;"

7)     Remove all signs, special products, and materials, bearing any of [Plaintiff's] marks;"

8)     Refrain from using Plaintiff's system or methodology;

9)     Cease doing business or holding itself out as being a Licensee, affiliated with or related to [Plaintiff] or the Dancer Fleet;"

10)     Use any recommendation or reference obtained while Defendant was a licensee of Plaintiff; and

11)     Pay Plaintiff all sums due under the Agreement.

i.     The License Agreement was scheduled to terminate on December 31, 2011. However, on or about March 27, 2010, Plaintiff and Defendant entered into an amendment of the License Agreement that extended its term from December 31, 2011 to April 30, 2011.

j.     On April 14, 2011, Plaintiff sent a letter to Defendant to remind Defendant that the License Agreement was about to expire and to remind Defendant of its post-

termination obligations, including its obligation to "de-identify" its vessel and terminate all use of Plaintiff's trademarks.

        k.      The License Agreement terminated on April 30, 2011.

        l.      After termination of the License Agreement Defendant failed to comply with the post-termination duties and obligations set forth in Paragraph 22 of the License Agreement. Among other things, Defendant continued to use "Ocean Dancer" as the name of its yacht, continued to operate the <oceandancer-maldives.com> website, and continued to use "Dancer" and "Ocean Dancer" in commerce in connection with the advertising and sale of luxury scuba diving vacation cruises.

        m.      On May 26, 2011, Plaintiff's counsel sent Defendant a cease and desist letter. The letter requested, among other things, that Defendant refrain from using the name "Dancer" in connection with its yacht; that Defendant refrain from operating the <oceandancer-maldives.com> website; and that Defendant otherwise comply with its post-termination obligations under the License Agreement.

        n.      Despite having received a letter from Plaintiff and a letter from Plaintiff's counsel, Defendant has, to date, failed to comply with the post-termination duties and obligations set forth in Paragraph 22 of the License Agreement. Among other things, Defendant continues to use "Ocean Dancer" as the name of its yacht, continues to use operate the <oceandancer-maldives.com> website, and continues to use "Dancer" and "Ocean Dancer" in commerce in connection with the advertising and sale of luxury scuba diving vacation cruises.

        o.      By failing to comply with the post-termination obligations contained in

Paragraph 22 of the License Agreement Defendant has substantially and materially breached the License Agreement, has infringed Plaintiff's rights in its DANCER FLEET trademark, and has caused Plaintiff to suffer irreparable injury to its reputation and goodwill.

p.      The Defendant's conduct, as alleged in the Complaint, constitutes intentional, deliberate, or willful infringement and establishes this matter as an exceptional case entitling Plaintiff to an award of reasonable attorney's fees and costs under the Lanham Act. *See Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F. Supp. 2d 1310, 1318 (S.D. Fla. 1998) (awarding attorney's fees on finding that defendant's continued use of plaintiff's service marks after receiving cease and desist letter constituted exceptional case due to defendant's deliberate, knowing, and intentional infringement).

q.      Plaintiff has suffered and will continue to suffer irreparable injury if the Court does not order Gandi SAS, the domain name registrar with whom Defendant registered the <oceandancer-maldives.com> domain name, to: (a) place the <oceandancer-maldives.com> registration on hold and lock; and (b) remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries in their place.

r.      Plaintiff has suffered and will continue to suffer irreparable injury if the Court does not order Bluehost, Inc., the company hosting the <oceandancer-maldives.com> website, to immediately cease from hosting the <oceandancer-maldives.com> website.

s.      Plaintiff has suffered and will continue to suffer irreparable injury if the

Court does not order Defendant to specifically perform its post-termination obligations set forth in Paragraph 22 of the License Agreement.

        t.     The balance of hardships favors Plaintiff and entry of a permanent injunction is otherwise in the public interest.

6.     Plaintiff has incurred no less than $33,357.50 in attorneys fees and no less than $1,823.64 in costs to bring and maintain this action.

**THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED THAT:**

7.     Defendant, its respective officers, directors, agents, servants, employees, attorneys, related companies, licensees, and all persons acting for, with, by, through and under it, and all persons having received notice of this Final Judgment By Default and Permanent Injunction, shall permanently cease and desist, and are hereby permanently enjoined from:

        a.     Using Plaintiff's proprietary system for providing luxury vacation cruise services to scuba divers and others;

        b.     Using Plaintiff's DANCER FLEET or PETER HUGHES DIVING trademarks, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce, including, but not limited to, on websites, in domain names, in hidden text, or in metatags;

        c.     Registering, using, or trafficking in any Internet domain name containing the DANCER FLEET or PETER HUGHES DIVING trademarks or any confusingly similar variations thereof, including, without limitation, the <oceandancer-maldives.com> domain name, alone or in combination with any

other letters, words, phrases or designs;

     d.    Using the <www.oceandancer-maldives.com> website to provide, advertise, market, promote, offer for sale, or sell sightseeing or vacation cruises;

     e.    Possessing any advertising or promotional materials bearing Plaintiff's DANCER FLEET or PETER HUGHES DIVING trademarks;

     f.    Using the name "OCEAN DANCER" or any other name incorporating the term "DANCER" as the name of, or as part of the name of, any boat, ship, yacht, or sailing vessel used in connection with providing, advertising, marketing, promoting, offering for sale, or selling sightseeing or vacation cruises;

     g.    Using Plaintiff's distinctive trade dress in commerce, including, but not limited to, three white stripes on the bow of any boat, ship, yacht, or sailing vessel used in connection with providing, advertising, marketing, promoting, offering for sale, or selling sightseeing or vacation cruises; and

     h.    Otherwise doing business as or holding itself out as a licensee or affiliate of Plaintiff.

8.    In accordance with Paragraph 22(e) of the License Agreement, Defendant shall immediately:

     a.    Cease and desist from using Plaintiff's trademarks, including the DANCER FLEET trademark, any similar trademark, or any colorable imitation thereof;

     b.    Return Peter Hughes-branded items to Plaintiff;

     c.    Change the boat name of its charter vessel so that it no longer

reflects any membership in, or affiliation with Dancer Fleet;

     d.     Refrain from any advertising or making any representation that Defendant or its charter vessel is affiliated, associated, connected to or related, in any way, shape or form to, or with Plaintiff and/or the Dancer Fleet;

     e.     Change the name of its charter vessel, along with the vessel's markings including, without limitation, the exterior signage and three (3) white stripes on the bow of the vessel;

     f.     Remove any and all indicia of Plaintiff and/or the Dancer Fleet from all vehicles, motor vessels, stationary, and wherever else the names or marks may appear;

     g.     Remove all signs, special products, and materials, bearing any of Plaintiff's trademarks;

     h.     Refrain from using Plaintiff's system or methodology;

     i.     Cease doing business or holding itself out as being a Licensee, affiliated with or related to Plaintiff or the Dancer Fleet;

     j.     Refrain from all use of any recommendation or reference obtained while Defendant was a licensee of Plaintiff; and

     k.     Pay Plaintiff all sums due under the Agreement.

     9.     Gandi SAS, shall immediately place the <oceandancer-maldives.com> domain name registration on hold and lock, and shall immediately remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's own default Domain Name Server and address entries in their place to prevent any further irreparable injury to

Plaintiff.

10.     Bluehost, Inc., shall immediately take down the <oceandancer-maldives.com> website and prevent it from being displayed on the Internet to prevent any further irreparable injury to Plaintiff.

11.     Plaintiff shall have and recover from Defendant the sum of $33,357.50 for attorneys fees and $1,823.64 for costs, for a total sum of $35,181.14, for which let execution issue.

12.     The Court retains jurisdiction to enter such additional relief as may be necessary or proper, including, without limitation, an award to Plaintiff of damages caused by Defendant's breach of contract and an award to Plaintiff of damages caused by Defendant's infringement of Plaintiff's trademarks, together with prejudgment interest. *The Clerk shall close the case.*

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 19th day of September, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
    **All counsel of Record**

600130.1

10